UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JESSICA MURILLO,

   Plaintiff,

v.                                                                No. 4:21-CV-744-P

CITY OF GRANBURY,

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant City of Granbury's motion for summary judgment (ECF No. 24), and Plaintiff Jessica Murillo's motion to strike summary judgment evidence (ECF No. 40). Having reviewed the motions, related docket entries, counsel's arguments, and applicable law, the Court **GRANTS** Granbury's motion for summary judgment and **DENIES** Murillo's motion to strike.

## BACKGROUND

Murillo was employed by Granbury when Congress enacted the Families First Coronavirus Response Act. *See* 29 C.F.R. § 826 *et seq.* The Act provides that an employee may take up to 12 weeks of leave under the Family and Medical Leave Act ("FMLA") due to the unavailability of childcare caused by the Covid-19 pandemic. ECF Nos. 16 at 7–9; 25 at 9; 38 at 3; *see* 29 U.S.C. § 2612. Because Murillo could not find adequate childcare for her daughter, she elected to take 12 weeks of FMLA leave starting on April 1, 2020. ECF Nos. 16 at 7–8; 38 at 3–4. A Granbury human resources coordinator twice notified Murillo that her FMLA leave would expire on June 23, 2020, and thus she was required to return to work the next day. ECF Nos. 16 at 12; 26 at 381–82. Murillo acknowledged that she was required to return to work on June 24, 2020. ECF No. 26 at 382. But Murillo did not show up to work that day. ECF Nos. 16 at 15–16; 25 at 11. Granbury accordingly fired her the same day. ECF Nos. 16 at 15–16; 26 at 383.

Murillo now sues Granbury and various Granbury employees. *See* ECF No. 16. The defendants moved for summary judgment on all claims. ECF No. 24. Murillo then filed a stipulation dismissing the Granbury employees from the suit, and thus only her claims against Granbury are now before the Court. *See* ECF No. 33. Murillo alleges that (1) Granbury retaliated against her in violation of the FMLA by firing her for using her FMLA-protected leave (ECF No. 16 at 25–27); (2) Granbury discriminated against Murillo based on her sex in violation of 42 U.S.C. § 1983 (ECF No. 16 at 33–35, 40–41); and (3) Granbury conspired to "depriv[e] [Murillo] of her constitutional right to personal choice in matters of marriage and family life" (ECF No. 16 at 42).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law" are material and "will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When evaluating a motion for summary judgment, the Court construes all facts in the light most favorable to the nonmovant and draws reasonable inferences in the nonmovant's favor. *In re Deepwater Horizon*, 48 F.4th 378, 382 (5th Cir. 2022). The Court "may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (internal quotation omitted).

## ANALYSIS

### A. Retaliation

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). A FMLA retaliation claim that is based on circumstantial evidence, like Murillo's, is analyzed under the

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting framework. *Wheat v. Fl. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). Under the framework, the plaintiff must first state a prima facie retaliation claim. *Id.* If the plaintiff succeeds, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 408 (5th Cir. 2016) (internal quotation omitted). "If the employer satisfies this burden, the presumption of discrimination drops out of the picture, and the employee must offer some evidence that" the employer's reason was pretextual. *Id.* (citations and internal quotations omitted).

To state a prima facie retaliation claim, the plaintiff must allege that "(1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) a causal link exists between her protected activity and the adverse action." *Wheat*, 811 F.3d at 705. Granbury contends that Murillo was not engaged in a protected activity because she was fired after her FMLA leave had expired. The Court agrees.

Murillo's FMLA leave undisputedly began on April 1, 2020. ECF Nos. 26 at 386; 38 at 3. Granbury twice notified Murillo that her FMLA leave would expire on June 23, 2020, and thus she must return to work on June 24. ECF Nos. 16 at 12; 26 at 381–82. Murillo indicated that she understood that she had to return to work on June 24. ECF No. 26 at 382. Murillo's absence on June 24, therefore, was not a leave of absence protected by the FMLA. Murillo counters that Granbury should have considered three citywide holidays that occurred during her 12-week FMLA leave, thus extending FMLA leave until June 29, 2020. ECF No. 16 at 12 n.11. But Murillo offers no authoritative support for her argument, and neither the FMLA nor the Families First Coronavirus Response Act mention anything about holidays being exempt from the FMLA leave calculation. To the contrary, the Department of Labor issued guidance stating that "[f]or purposes of determining the amount of leave used by an employee, the fact that a holiday may occur within the week taken as FMLA leave has no effect; the week is counted as a week of FMLA leave." 29 C.F.R. § 825.200(h).

3

Murillo has therefore failed to establish that she was engaged in a protected activity when she was fired.[1] Because she has failed to establish the first element of her prima facie retaliation claim, the Court need not address the remaining elements. Summary judgment for Granbury is granted.

### B. 42 U.S.C. § 1983

Murillo contends that Granbury violated her equal protection and substantive due process rights guaranteed to her by the Fourteenth Amendment when it fired her in violation of 42 U.S.C. § 1983. ECF Nos. 16 at 33–35, 40–41; 38 at 16–22. "Municipal liability under . . . § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Municipal liability cannot be sustained under a theory of *respondeat superior*." *Rivera*, 349 F.3d at 247 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)). Instead, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (footnote omitted).

Murillo cannot establish the first or third elements of her *Monell* claims. As to the first element, she fails to identify a policymaker who could be held responsible for the allegedly unconstitutional policy because she concedes that Granbury's final policymaker did not know about the allegedly unconstitutional policy. Murillo correctly asserts in her amended complaint that the Granbury City Council is Granbury's final policymaker. ECF No. 16 at 41. In her response to Granbury's

---

[1] Even if holidays were factored into Murillo's FMLA leave, the undisputed evidence establishes that both Granbury and Murillo believed that Murillo's FMLA leave expired on June 23, 2020, and thus Murillo's termination was not because she exercised her FMLA rights. ECF Nos. 16 at 12; 26 at 381–82. Murillo was fired because she did not show up to work on the date that Granbury notified her that her FMLA leave expired. Murillo therefore cannot establish a causal link between taking her FMLA leave and her employment termination. *See Wheat*, 811 F.3d at 705.

motion for summary judgment, however, she contends that two Granbury employees were policymakers by delegated authority who knew about and enforced the allegedly unconstitutional policy. ECF No. 38 at 18. Importantly, Murillo then concedes that there is no evidence that "the City Council, [Granbury's] statutory policymaker, was aware of, approved, or otherwise knew about the [unconstitutional] policy and its implementation." ECF No. 38 at 18. Because Murillo acknowledges that the final policymaker—the City Council—did not know about the allegedly unconstitutional policy, the policy cannot be "directly attributable to the municipality." *Rivera*, 349 F.3d at 247. Murillo therefore fails to establish the first element of her § 1983 claims. But even if not,[2] the Court finds no violation of Murillo's constitutional rights.

Turning to the third element, the Court finds that there was no constitutional violation, which is required to state a prima facie *Monell* claim. *See Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017). Murillo asserts that she was discriminated against because of her sex in violation of § 1983, given that she was fired after using FMLA leave to take care of her daughter when the Covid-19 pandemic shut down her daughter's daycare. ECF No. 16 at 33–35, 40–41. But the alleged discrimination that Murillo suffered has nothing to do with her sex. Even assuming that there was a discriminatory policy—a premise the Court is dubious about assuming—the policy would be discriminatory against all parents regardless of sex. Because Murillo has pointed to no evidence that she was discriminated against because she is a woman and does not assert a claim that the Granbury policy unconstitutionally discriminated against parents of school-age children,

---

[2]A Granbury employee testified that he was delegated policymaking authority, though he could not recall whether he first had to have the policy approved by the City Council. ECF No. 39 at 460. Even if this testimony creates a triable issue of fact, summary judgment is nevertheless appropriate because Murillo failed to establish the third element of her *Monell* claims.

she fails to establish the third element of her *Monell* claims.[3] *See Rivera*, 349 F.3d at 247.

Murillo counters that her substantive due process rights were violated because she had a property interest in her employment. ECF No. 38 at 21. Although Murillo acknowledges that "Texas is an employment-at-will state . . . absent a specific contract to the contrary," *McCall v. Dall. Indep. Sch. Dist.*, No. 3:99-CV-2118, 2001 WL 1335843, at *3 (N.D. Tex. Oct. 25, 2001), she fails to point to evidence that there was a specific contract stating that she was not an at-will employee. And though there are exceptions to Texas's employment-at-will general rule, Murillo does not identify any of those exceptions or contend that this case falls within such an exception. *See* ECF No. 38 at 21–22. For those reasons, the Court does not find a genuine issue of material fact as to whether Murillo was an at-will employee.[4]

Summary judgment for Granbury is therefore granted on Murillo's *Monell* claims.

---

[3]Even if she had asserted a claim that the Granbury policy unconstitutionally discriminated against parents of school-age children, the Court finds no evidence to support the claim.

[4]In language applicable here, in the late and respected jurist Eldon B. Mahon noted that even if an at-will public employee could survive summary dismissal of his due process claim based on a property interest, it "is still unlikely that a due process violation could be established." *Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 791 n.4 (N.D. Tex.), *aff'd*, 275 F.3d 46 (5th Cir. 2001). Quoting from Justice John Paul Stevens, Judge Mahon observed that

> [t]he Federal Court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. . . . The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Id.* (quoting *Bishop v. Wood,* 426 U.S. 341, 349 (1976)).

**C. Conspiracy**

It is unclear whether Murillo's conspiracy claim against Granbury remains before the Court, given that Murillo outright ignores the claim in her response to Granbury's motion for summary judgment. *See generally* ECF No. 38. She also identified no legal authority upon which her claim is based in her operative complaint, but the Court presumes that the claim is asserted under 42 U.S.C. § 1985(3). ECF No. 16 at 42. The Court nevertheless addresses her assertion that Granbury and the now-dismissed Granbury employees conspired to interfere with Murillo's civil rights out of an abundance of caution.

A prima facie § 1985(3) claim requires:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in h[er] person or property or deprived of any right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983).

The Court begins—and ultimately concludes—its analysis with the first element. A conspiracy requires an agreement between two or more people. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1868 (2017). Conversations about "the adoption and implementation of governmental policies" between individuals working in their official capacities in the same governmental department is not a conspiracy. *See id.*; *see also Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (finding no agreement between two or more people because the alleged agreement occurred between members of a government entity—a school board).

The alleged agreement here is between Granbury and some of its employees—that is, conversations among members of the same government entity—which the Supreme Court and Fifth Circuit have made clear does not constitute an agreement between two or more people. Besides, the assertions Murillo contends constitute a conspiracy can only be described as discussions about "the adoption and

7

implementation of governmental policies," which is not a conspiracy. *See Ziglar*, 137 S. Ct. at 1868. The Court therefore grants summary judgment for Granbury on Murillo's conspiracy claim.

## CONCLUSION

Although General George S. Patton, Jr. famously quipped that a "civil servant is sometimes like a broken cannon—it won't work and you can't fire it," GREAT QUOTES FROM GREAT LEADERS 124 (compiled by Peggy Anderson, 1990)), the Court is satisfied that Murillo was fired because she did not return to work after her 12 weeks of FMLA leave expired, not because she was a working mother. Accordingly, the Court **GRANTS** Granbury's motion for summary judgment. ECF No. 24.

**SO ORDERED** on this **24th day of October 2022.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

8